# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

# PIKEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

vs.                                                        Criminal No. 7:23:cr:14-006-DCR

**CHRIS PRATER**                                                                        **DEFENDANT**

## SENTENCING MEMORANDUM

Defendant, Chris Prater, submits this Sentencing Memorandum evaluating each one of the various factors under 18 U.S.C. § 3553(a) for the Court's consideration at the Sentencing hearing scheduled for January 16, 2024 at 11.00 a.m., in Pikeville, Kentucky.

The court in determining the particular sentence to be imposed and the need for a variance, shall consider the factors found at 18 U.S.C. § 3553(a). These factors include; the nature and circumstance of the offense and the history and characteristics of the defendant, the need to reflect the seriousness of the offense, to promote respect for the law and provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed vocational or educational training, medical care, or other correctional treatment in the most effective manner.

## BACKGROUND – NATURE & CIRCUMSTANCES OF THE OFFENSE

On July 20, 2023, the Grand Jury for the United States District Court for the Eastern District of Kentucky returned a multiple count indictment against Chris Prater

and five other defendants, charging the Defendant in Count 5 of the indictment with attempting to sponsor and exhibit an animal, namely a rooster, in an animal fighting venture. On 9/19/2024, the defendant appeared in front of this court and pled guilty to Count 5 of this indictment and accepted responsibility for his actions and is presently awaiting sentencing.

The essential facts of the case are as follows. The defendant was at a chicken fight at the American Testing Facility during a police raid along with several other individuals who were there to fight their chickens and Mr. Prater was the only one out of the numerous people who were present with their chickens that was charged in this multi defendant indictment. His other co-defendants included Virgil Saylor and Tina Miller, who organized the chicken fights, and has not been sentenced yet, Robert Baker, who owned the facility, and was sentenced to a term of two years probation, Brandon Honeycutt, who was there to referee and also fight his chicken, was sentenced to a term of probation of one year and Henry Locke, who unfortunately passed away during the pendency of this action. Furthermore, a derivative investigation into another chicken fight led to Perry Hatfield, an owner of the fight being sentenced to time served of one day and Timothy Sizemore, who was the main organizer and owner who managed two separate facilities to be sentenced to 26 months term of incarceration.

The defendant has taken full responsibility for his actions and is seeking a just and proper punishment that reflects the seriousness of his offense, yet showing that he deserves a second chance with this court. The defendant is facing a guideline sentencing range of eighteen (18) to twenty four (24) months. The defendant had one violation of his bond condition, referenced in ¶ 5 since the date of his Initial Appearance

in August of 2023, and has continued to abide by his bond conditions in the interim save his one mishap.

## **HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Chris Prater, was born to the marital relationship of Donald Ray Prater and Vickie Collins on May 13, 1980 in Martin Kentucky. After his parents divorced when he was approximately seven years old, the defendant primarily resided with his mother. The defendant has described his childhood as traumatic, during which he went back and forth between Indiana and Kentucky. He has estimated that he has attended approximately thirty (30) schools during his childhood due to his moves. He has also had to endure severe beatings from his father when he was a child and also had to witness domestic violence in his home where his father would beat his mom.

Mr. Prater was also molested by other family members as a child, when he was just five years old. This was an extremely hard and emotional topic for Mr. Prater to discuss with anyone, let alone the USPO.

The defendant is a father to three children, Mason, age 12, Colton, age 7,and Paxxton, age 4. The defendant acts as the father and mother for all of his three children, as the mothers are transient and not in the picture. The defendant is extremely close to all three of his children, as he gets them up in the morning, gets them ready for school, picks them up after school and takes them to all of their extra curricular activities. Both the mothers of these children occasionally visit with the children and are constantly in and out of their lives. Mr. Prater has been the rock in this relationship with his children and he is the stability upon which that these children rely on a day to day basis.

## **THE DEFENDANT MADE A HUGE MISTAKE IN HIS LIFE**

Mr. Prater made a huge mistake. He got caught up in a life that was all around him and he eventually led to being charged in Federal Court. Mr. Prater will not stand here and lie to the court and say that this is the only time that he has been to a chicken fight. He has clearly been to others. But as the court can see, the indictment time period for the other individuals involve over a years time period, from February of 2021 to February of 2022, while Mr. Praters conduct in the case only covers one day on February 26, 2022.

All of the other defendants in this case had managerial roles, as evidenced by the Overt acts referenced in the indictment. Mr. Baker collected admission fees, Mr. Saylor and Mrs. Miller organized the participants, Mr. Locke sold gaffs, and Mr. Honeycutt refereed the fights. Mr. Prater simply attended the fights with his chicken.

Chicken fighting has a very long history and cultural background. That does not justify the crime, and the defendant is not making that argument, however it does provide the Court with some context to how someone like Chris Prater would involve himself in this activity. In our local Appalachian community chicken fighting has been considered, though wrongly so, as harmless entertainment. With Mr. Prater's educational limitations he did not understand that it was a crime and believed it was a violation subject to a fine much like a speeding ticket. The Court need not look far to appreciate how strong this culture is because nearby Laurel County celebrates the World Chicken Festival every year. Driving up and down the US 23 corridor, you routinely see fighting chickens being raised in Eastern Kentucky. This is way of life, whether it is right or wrong.

The attention that this case has created has educated the public that this activity is a crime and will create a chilling effect on such future conduct. Mr. Prater most certainly fully appreciates the seriousness of his behavior and is remorseful. He raised chickens as a child and has had to discontinue raising chickens even for eggs, because he does not want the perception that he is raising chickens to fight.

In order to ensure that there are no sentencing disparities between the defendants that are similarly situated, it is important that the court evaluate Mr. Prater's culpability relative to that of his co-defendants, who have much higher levels of culpability, but yet have received probation thus far.

## **THE DEFENDANT HAS A CRIMINAL HISTORY FULL OF TRAFFIC TICKETS**

The Pre-Sentence Report places Mr. Prater at a Criminal History category of III. As the court notes, there is one objection pending to one of the criminal history points, which could bring down the defendant to a category II. It should be noted that the defendant has numerous speeding tickets in the last fifteen years. Prior to that, his last significant sentence was when he was nineteen (19) years old, of trafficking in cocaine in Indiana. After that, Mr. Parter has attempted to live a life for his three boys and his soon to be born child with his current girl friend. (Please find attached letter from Hon. Jenniffer Elliott as Exhibit).

Mr. Prater is not a violent person, He does not pose a threat to the public at all. If the United States Department of Justice intends to make changes to fix our burgeoning prison problem, we need a place to start and someone to start this with, and Mr. Prater, is probably the best candidate to do so.

The Defendant would respectfully ask the court that he make a recommendation to the Bureau of Prisons that he be housed as close to Ashland, Kentucky, if possible, if the court sentences him to a term of incarceration.

### 18 U.S.C. § 3561(C)(1) – STATUTORY PROVISIONS FOR PROBATION

Mr. Prater is eligible for probation for a period of one (1) to five (5) years because this is a Class D felony and he requests same to be coupled with twenty (20) hours of community service and a term of home incarceration.

### 18 U.S.C. § 3336A AND 18 U.S.C. § 3571(B) – RESTITUTION AND FINES

The sentence must address the need to provide restitution to any victim of the offense, however, that is not applicable in this case.

Mr. Prater requests the Court waive the imposition of any fine. As previously stated, Mr. Prater has limited income at this time due to raising his children, the imposition of a fine would create a hardship for his family.

### OBJECTIONS

There is one unresolved objection still remaining. The defendant objects to the one additional criminal history point being attributed to him in ¶ 48. Under USSG § 4A1.2(c)(1), the sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense. This list includes Disorderly conduct

or disturbing the peace, False information to a police officer and Hindering or Failure to obey a police officer.

The United States Probation Officer (hereinafter referred to as "USPO") agrees with the defendant that count III of ¶ 48 of the PSI is not an offense that must be counted, but that Count II of ¶ 48 is an offense that is not listed in the list of offenses under USSG § 4A1.2(c)(1). In reviewing the response of the USPO, he relies on the fact that the "while Prater was exiting the vehicle to be detained, the driver of the vehicle exited and fled on foot. Thes erratic actins by Prater, and the apparent risk to physical officer safety caused by his actions, warranted the charge of Obstructing Government Operations. It is rather clear reading KRS § 519.020 (Please find attached as Exhibit) that there has to be "using or threatening to use violence or force or physical interference to sustain a charge of Obstructing governmental operations. In reading the full citation, (Please find attached Citation as Exhibit), there is no use of violence, threatening to use violence, use of force or physical interference present or listed in the citation. Finally, there is no argument that the defendant was only sentenced to a $100.00 fine. (Please find attached the Courtnet report for Floyd District Court Case # 16-M-1429).

Thus, based on this, and the first sentence of USSG § 4A1.2(c)(1), which is that "sentences for the following prior offense and offenses similar to them, by whatever name they are known," this offense is more akin to KRS § 520.130, Hindering Prosecution or apprehension in the second degree, (Please find attached KRS § 520.130) this one point should be removed. In researching the charge of Obstruction of Governmental operations, the undersigned counsel found two cases. (Please find attached as Exhibits). In reviewing both of these cases, the common theme is that there

was a use of force, or threatened use of force. This is not present in the underlying Floyd District Court Case # 16-M-1429 and thus this one point should not be counted against Mr. Prater.

## **CONCLUSION**

WHEREFORE, we would respectfully submit that the court grant the Defendant a sentence of credit for time served, followed by a term of supervised release or probation of one (1) year, which is no more than necessary to promote respect for the law, yet at the same time be a deterrent for future criminal behavior.

Respectfully submitted this 9th day of January, 2024.

CHRIS PRATER.
By Counsel

Very truly yours,

JOY LAW OFFICE
2701 Louisa Street
P.O. Box 411
Catlettsburg, KY 41129
Telephone: (606) 739-4569
Facsimile: (606) 739-0338
Cell: (859) 488-1214

__s/ Sebastian M. Joy_____
Sebastian M. Joy, Esq.
Counsel for Defendant CHRIS PRATER.
Kentucky Bar # 92583
West Virginia Bar # 10945
E-mail: sjoy@joylawoffice.com
Admitted in Kentucky & West Virginia

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

## PIKEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

**vs.**                                                          **Criminal No. 7:23:cr:14-006-DCR**

**CHRIS PRATER**                                                                    **DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **SENTENCING MEMORANDUM AND EXHIBITS # 1-13** has been electronically filed with the Clerk of Court this date using the CM/ECF system and served upon opposing counsel as follows:

**VIA CM/ECF:**     Office of United States Attorney
                    Eastern District of Kentucky
                    London, Kentucky

**DATE:**           January 9, 2025

                                        Very truly yours,

                                        JOY LAW OFFICE
                                        2701 Louisa Street
                                        P.O. Box 411
                                        Catlettsburg, KY 41129
                                        Telephone: (606) 739-4569
                                        Facsimile: (606) 739-0338


                                        __s/ Sebastian M. Joy_____
                                        Hon. Sebastian M. Joy
                                        Counsel for Defendant
                                        Kentucky Bar # 92583
                                        West Virginia Bar # 10945
                                        E-mail: sjoy@joylawoffice.com
                                        Admitted in Kentucky & West Virginia